IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Yarus, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| -*vs*- | ) | No. _____ |
| | ) | |
| Sheriff of Cook County and Cook | ) | |
| County, Illinois, | ) | |
| | ) | |
| *Defendants*. | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Robert Yarus is a resident of the Northern District of Illinois. He is not currently confined in any jail, prison, or other correctional facility.

3. Defendant Sheriff of Cook County runs the Cook County Jail. Plaintiff sues the Sheriff in his official capacity only.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. On October 17, 2017, plaintiff pleaded guilty to a criminal offense and received a sentence that entitled him to immediate release from custody.

6. Notwithstanding plaintiff's right to immediate release, defendant Sheriff, acting through his employees, caused plaintiff to be unlawfully detained at the Cook County Jail until October 23, 2017.

7. The Sheriff caused plaintiff to be unlawfully detained because of systemic flaws in the Sheriff's procedures for determining the date of release of persons serving a sentence at the Cook County Jail.

8. The Sheriff was aware of these systemic flaws in his procedures for determining the date of release of persons serving a sentence at the Cook County Jail and turned a blind eye to these flaws.

9. As a result of the foregoing, plaintiff was unreasonably deprived of liberty and thereby deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

10. As supplemental state law claims: as a result of the foregoing, plaintiff was deprived of liberty by the negligence of employees of defendant Sheriff who breached their duty to properly determine the date of release of persons serving a sentence at the Cook County Jail. Plaintiff was also subjected to false imprisonment by employees of defendant

Sheriff. Defendant Sheriff is liable for these torts under the doctrine of *respondeat superior*.

11. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants and that the costs of this action, including fees and costs, be taxed against defendants.

                                              Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 S. Michigan Ave., Ste 201
Chicago, Illinois 60604
(312) 427-3200
*attorneys for plaintiff*